UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI VAN ANDEL,

    Plaintiff,

v.                                                       Case No. 1:17-cv-1021
                                                        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff alleged a disability onset date of March 2, 2013. PageID.260. Plaintiff identified her disabling conditions as depression, fibromyalgia, degenerative disc disease, sleep apnea, bulging disc in neck, carpal tunnel, migraines, gastroesophageal reflux disease (GERD), high blood pressure, high cholesterol, and post-traumatic stress disorder (PTSD). PageID.265. Prior to applying for DIB and SSI, plaintiff completed the 12th grade and worked as a general clerical worker, medical records clerk, accounts payable clerk, administrative assistant, delivery driver, and waitress/manager of a restaurant. PageID.69-70, 266. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 28, 2016. PageID.56-70. This decision, which was later approved by the Appeals

1

Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 2, 2013, and that she met the insured status of the Social Security Act through September 30, 2015. PageID.58.

At the second step, the ALJ found that plaintiff had severe impairments of: degenerative disc disease of the cervical and lumbar spine with a remote history of lumbar discectomy; fibromyalgia; bilateral carpal tunnel syndrome; bilateral hamstring tears; affective disorder; anxiety disorder; and personality disorder. PageID.48. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.59.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb ladders, ropes, or scaffolds, and she cannot crawl; but she can occasionally balance, stoop, and kneel, and she can occasionally climb ramps and stairs. She can have no more than occasional exposure to extremes of humidity, heat, and cold, and no exposure to unprotected heights or dangerous moving machinery. She can understand, remember, and perform simple tasks, make simple decisions, and adapt to routine changes in the workplace. And she can have only occasional contact with the general public.

PageID.53.

The ALJ also found that plaintiff was capable of performing her past relevant work as a general clerical worker because this work does not require the performance of work-related activities precluded by her residual functional capacity (RFC). PageID.69-70. Accordingly, the

4

ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 2, 2013 (the alleged onset date) through October 28, 2016 (the date of the decision). PageID.70.

### III. DISCUSSION

Plaintiff set forth two issues on appeal. After the briefing was completed, the Court allowed plaintiff to file a supplemental brief raising a constitutional issue regarding the legal authority of the ALJ to act in this matter. The Court will address the constitutional issue first.

#### A. The ALJ was appointed in an unconstitutional manner

Plaintiff contends that this case should be remanded because the ALJ who presided over her case was not properly appointed pursuant to the Appointments Clause of the United States Constitution, citing *Lucia v Securities and Exchange Commission*, -- US --; 138 S. Ct. 2044 (June 21, 2018), which held that the ALJ's employed by the Securities and Exchange Commission (SEC) to hear disputes were appointed in an unconstitutional manner. Specifically, the ALJs of that agency had to be appointed by the President, Courts of Law, or Heads of Departments in the manner set forth in the Appointments Clause. *Id*.at 2049-55. Absent such appointment, the ALJs employed by the SEC lacked the authority to perform their assigned tasks. *Id*. at 2049-55. Plaintiff contends that the reasoning in *Lucia* applies here, and that the ALJ in this case lacked authority to perform her assigned task.

Plaintiff did not raise this issue during the administrative appeal. For this reason, her claim is not before the Court. In *Pugh v. Commissioner of Social Security*, No. 1:18-cv-78, 2018 WL 7572831 (W.D. Mich. Nov. 8, 2018), this Court concluded that a Social Security claimant who did not challenge the constitutional authority of an ALJ during the administrative

5

proceedings cannot make such a challenge for the first time in an appeal brought pursuant to 42

U.S.C. 405(g):

> In *Lucia*, the Court reiterated that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055. The Court found that Lucia was entitled to relief because he timely challenged the appointment of the ALJ hearing his case by asserting such during the administrative process before the SEC. *Ibid*. Lower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, therefore, waived. *See, e.g.*, *Thurman v. Commissioner of Social Security*, 2018 WL 4300504 at *9 (N.D. Iowa, Sept. 10, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D.N.C., Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1 (Sept. 28, 2018).
>
> These decisions are persuasive and consistent with the express holding in *Lucia*. Plaintiff does not allege that she raised the ALJ appointment issue before the Commissioner. Instead, Plaintiff has asserted such for the first time in this Court. Accordingly, the Court finds that Plaintiff has waived any argument pertaining to the constitutionality of the appointment of the ALJ who resolved her claim for benefits. Plaintiff's motion is, therefore, denied.

*Pugh*, 2018 WL 7572831 at *1. For these reasons, plaintiff's claim is denied.

### B. Substantial evidence does not support the finding that the past job of general clerk is past relevant work which plaintiff can perform.

Plaintiff contends that her claim is unusual, because it involves work history issues as opposed to medical issues, i.e., plaintiff claims that the ALJ denied benefits on the basis that she can perform a job which lasted only a few weeks. ALJ Grit found that plaintiff could perform her past relevant work as a general clerical worker. In making this finding, ALJ Grit determined that she was bound by finding of the ALJ who denied plaintiff's previous claim for benefits:

> The claimant previously filed a Title II application on February 10, 2011, which was initially denied on June 30, 2011. On March 1, 2013, the prior administrative law judge [ALJ Prothro] issued an unfavorable decision (Ex. B1A) [PageID.121]. That decision was upheld on appeal on May 5, 2014.

> The prior finding concerning the claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability *is binding* absent evidence of an improvement or change in condition since the prior hearing (Acquiescence Ruling 98-4(6)). The prior finding concerning the claimant's past relevant work *is also binding* absent new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding (Acquiescence Ruling 98-3(6))....
>
> The prior finding concerning the claimant's past relevant work *is binding* absent new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding (Acquiescence Ruling 98-3(6)).
>
> The prior Administrative Law Judge found that the claimant had past relevant work as a general clerical worker, medical records clerk, accounts payable clerk, and administrative assistant (Ex. BlA/15).
>
> There has been no new and material evidence relating to the finding of the claimant's past relevant work. And there has been no change in the law, regulations, or rulings affecting the finding, or the method for arriving at the finding. Therefore, the prior finding concerning the claimant's past relevant work *is binding* in this case.

PageID.56, 69 (emphasis added).

After reviewing the record, the Court concludes that ALJ Grit's step four determination that plaintiff can perform her past relevant work as a general clerical worker is not supported by substantial evidence. In the previous decision, ALJ Prothro did not identify plaintiff's past relevant work as simply that of a "general clerical worker." The only clerical work which ALJ Prothro identified was that of a "general clerical worker/medical records clerk" at Trinity Health. PageID.119.[1] The ALJ reached no definitive conclusion as to the requirements for this position; rather he listed partial definitions for "general clerk – unskilled and medium as performed; the DOT classification is sedentary" and for "medical records clerk – unskilled and sedentary; the DOT classification is semi-skilled." PageID.119.

---

[1] Plaintiff acknowledged that she worked at Trinity Health from 2003 through 2009. Plaintiff's Brief (ECF No. 11, PageID.609).

7

At the administrative hearing, ALJ Grit was aware of some problem with ALJ Prothro's findings, and asked the vocational expert (VE) to "fill in the blanks" on "the work history found by the prior judge." PageID.82. While the VE identified a DOT number for "general clerk," PageID.99, it is unclear from the record as to what position the VE was referring to, because ALJ Prothro did not identify which job in plaintiff's work history met the requirements for a "general clerk." Based on this record, it is unclear to the Court as to what past relevant work ALJ Prothro and ALJ Grit relied upon to find that plaintiff is not disabled.

ALJ Grit's attempt to use ALJ Prothro's previous findings involve the *res judicata* issue identified by the Sixth Circuit in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). In this decision, the Sixth Circuit examined the principles of *res judicata* as it pertains to a claimant's subsequent application for benefits. In addressing the issue, that court asked:

> What are those principles? Finality, efficiency, and the consistent treatment of like cases. An administrative law judge honors those principles by considering what an earlier judge found with respect to a later application and by considering that earlier record. That is why it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, *albeit not binding*, consideration in reviewing a second application.

*Earley*, 893 F.3d at 933 (internal citations omitted) (emphasis added). "When an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Earley*, 893 F.3d at 933. While the Sixth Circuit observed that "[f]resh review" of a later claim "is not blind review," *id.* at 934, that court also observed that the ALJ cannot be bound by a previous ALJ's decision which involved a different time frame, *id*. at 933.

Here, ALJ Grit's decision is contrary to the principles of *res judicata* set forth in *Earley*. ALJ Grit repeatedly stated that she was bound by ALJ Prothro's finding that plaintiff could perform her past relevant work as a general clerical worker. ALJ Grit's attempt to make

8

sense out of the previous finding was unsuccessful, because ALJ Prothro did not clearly identify the "general clerical worker" position. Based on this record, the matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should identify plaintiff's past "general clerical work" and re-evaluate whether plaintiff can perform this past relevant work.

> **C. All essential factual issues have been resolved and plaintiff is entitled to a remand for benefits.**

Next, plaintiff contends that she is entitled to an award of benefits because she cannot perform any of her past relevant work, and the Medical Vocational Guidelines ("grids") direct a finding of disabled. The grids "take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]' 20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(e)." *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines. *Siterlet v. Secretary of Health and Human Servs.*, 823 F.2d 918, 922 (6th Cir. 1987). Plaintiff states that she would be found disabled under Rules 201.12 and 201.14 of the grids because: she would be classified as "closely approaching advanced age"; she was a high school graduate whose education "does not provide for direct entry into skilled work;" and that because she is limited to simple, unskilled work, she is a person with either an unskilled work history or with no skills that could transfer to skilled or semi-skilled work. Plaintiff's Brief at PageID.612.

Plaintiff's claim for an award of benefits is premature, because the question of whether she can perform any past relevant work is unresolved. Accordingly, this claim of error is denied.

9

## IV. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to identify plaintiff's past "general clerical work" and re-evaluate whether plaintiff can perform this past relevant work. A judgment consistent with this opinion will be issued forthwith.

Dated: March 27, 2019                /s/ Ray Kent
                                                      United States Magistrate Judge